04-CV-05378-CMP

FILED _____ LODGED
_____ RECEIVED

JUN 3 0 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HUGH HARDAGE, an individual,,

Plaintiff,

v.

KATHY SPARKS, an individual,,

Defendant.

NO. C04-5378 JKA

COMPLAINT FOR SEXUAL HARASSMENT IN VIOLATION OF RCW 49.60 *et seq.* AND DAMAGES

**JURY TRIAL DEMANDED**

## I. PARTIES

1.1   Plaintiff Hugh Hardage ("Hardage") is, and has been at all times material to this Complaint, a resident of Seattle, Washington in King County and the Western District of Washington.

1.2   Defendant Kathy Sparks ("Sparks") was the Vice President and General Manager of KSTW TV ("KSTW"), a television station operated by Paramount Stations Group which is a division of Viacom, Viacom Seattle, and CBS. At the time of the improper conduct, some of which occurred in King County, WA, and some of which occurred in Pierce County, WA, Sparks resided in Pierce County, and the Western District of Washington.

COMPLAINT FOR SEXUAL HARASSMENT IN VIOLATION OF RCW 49.60 et seq. AND DAMAGES- 1

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

508085.1/022504.00003

## II. JURISDICTION AND VENUE

2.1     This action arises under the Washington Law Against Discrimination, RCW 49.60, *et seq.*

2.2     The Court has jurisdiction over the state law claims under 28 U.S.C. §1332, based on diversity of citizenship, because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

2.3     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391(a) because the claim arose in this judicial district.

## III. PERTINENT FACTS

3.1     Hardage was employed by KSTW, a television station, from July 1998 through August 14, 2001, in the capacity of Account Executive until February 2000, and as Local Sales Manager until his constructive discharge. From late 1999 through August 14, 2001, Hardage was managed by Sparks.

3.2     Since late 1999, Kathy Sparks acted as Vice President and General Manager of KSTW. Sparks was in a supervisory capacity at the television station, and Hardage performed tasks for her until he left the employment of KSTW on August 14, 2001.

3.3     From late 1999 until August 14, 2001, on a repeated and ongoing basis, in both the Seattle and Tacoma facilities, Sparks made hostile, intimidating, and unwelcome comments and sexual advances to Hardage. Sparks' conduct included unwelcome touching. Hardage repeatedly rebuffed Sparks' advances, but Sparks continued her unwelcome behavior. Sparks' conduct created a hostile work environment for Hardage based upon his gender.

3.4     Hardage complained to several individuals about Sparks' behavior on more than one occasion. CBS, Viacom, and Viacom Seattle were on notice and knew, or should have known, about the hostile work environment.

COMPLAINT FOR SEXUAL HARASSMENT IN
VIOLATION OF RCW 49.60 et seq. AND
DAMAGES- 2

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

508085.1/022504.00003

3.5    CBS, Viacom, and Viacom Seattle management generally, failed to take prompt and appropriate remedial measures to prevent continuation of the above-described hostile work environment. By their failure to take prompt, appropriate, remedial action, management implicitly or expressly conditioned future employment and employment benefits upon the submission to the unwelcome conduct of Sparks.

3.6    In April of 2001, Hardage made a formal complaint with his direct supervisor Patricia Dean. Dean forwarded Hardage's complaint on to CBS's corporate offices in California. Hardage was contacted by Paul Falcone regarding his complaint. Falcone and CBS, Viacom, and Viacom Seattle failed to investigate or remedy Hardage's complaints against Sparks.

3.7    Since Hardage complained about the hostile work environment, Hardage has been subjected to retaliation, including, but not limited to, unwarranted discipline and continued hostile activities by Defendant.

3.8    The ongoing harassment and retaliatory actions of Defendant created an intolerable working environment and, as a result, Hardage was forced to quit and has suffered damages as a result.

3.9    Hardage had received compensation at KSTW of $110,000/year in salary plus employee benefits and the potential for a $79,000 bonus.

3.10   As a result of the harassment and hostile environment that Hardage suffered because of Defendant, Hardage has suffered physical injuries, physical illness, and emotional distress.

## IV. INDIVIDUAL CLAIMS

Plaintiff realleges paragraphs 1.1 through 3.10 and states the following causes of action:

COMPLAINT FOR SEXUAL HARASSMENT IN
VIOLATION OF RCW 49.60 et seq. AND
DAMAGES- 3

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

508085.1/022504.00003

4.1     Sex Discrimination in Violation of RCW 49.60, *et seq.*

Defendant Sparks discriminated against Hardage on the basis of his sex, in willful violation of 49.60.180 as follows:

(a)     By maintaining a hostile work environment at his place of employment due to the unwelcome conduct of Sparks;

(b)     By applying alleged employment policies to Hardage in an unfair and disparate manner;

(c)     By implicitly or expressly conditioning future employment and employment benefits upon the submission to the unwelcome conduct of Sparks; and,

(d)     By wrongfully (constructively) discharging Hardage by deliberately making working conditions intolerable for him, such that a reasonable person in his position would be forced to quit.

4.2     Retaliation In Violation of RCW. 49.60, *et seq.*

Defendant retaliated against Hardage, in willful violation of RCW 49.60.210, RCW 49.48.010 *et seq.*, and RCW 49.52.010 *et seq.*, as follows:

(a)     By subjecting Hardage to unfair criticism and greater scrutiny of his work because of his opposition to Sparks' unlawful and discriminatory conduct;

(b)     By engaging in intimidating, hostile, and uncooperative conduct towards him because of his opposition to Sparks' unlawful and discriminatory conduct; and,

(c)     By wrongfully (constructively) discharging Hardage by deliberately making working conditions intolerable for him, such that a reasonable person in his position would be forced to quit.

4.3     Battery

Defendant committed the civil tort of battery against Hardage by subjecting him to unwanted and offensive touching.

COMPLAINT FOR SEXUAL HARASSMENT IN
VIOLATION OF RCW 49.60 et seq. AND
DAMAGES- 4

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

508085.1/022504.00003

## V. DAMAGES

5.1   As a result of defendant's discriminatory and wrongful conduct described in paragraphs 3.1 through 4.3 above, plaintiff Hardage has sustained the following damages, in amounts which will be established at the time of trial:

    (a)   Lost past and future wages, benefits, and income (back pay and front pay);

    (b)   Out-of-pocket expenses;

    (c)   Emotional distress;

    (d)   Litigation expenses;

    (e)   Actual attorney's fees; and,

    (f)   Physical injuries and physical illness.

## VI. REQUEST FOR RELIEF

Plaintiff requests that the court enter judgment against defendant Sparks as follows:

6.1   Awarding plaintiff the full amount of his claimed damages in amounts to be established at trial;

6.2   Awarding plaintiff double the amount of any damages sustained for lost wages and benefits, pursuant to RCW 49.52.070;

6.3   Awarding plaintiff prejudgment interest on any award for lost wages and benefits at the highest rate of interest permitted by Washington law;

6.4   Awarding plaintiff his statutory costs and fees;

6.5   Awarding plaintiff his actual and reasonable attorney fees and litigation expenses under RCW 49.60 *et seq.*, RCW 49.48 *et seq.*, and RCW 49.52 *et seq.*

6.6   Awarding plaintiff post-judgment interest on any damages award;

6.7   Awarding plaintiff compensation to offset any adverse tax consequences; and,

COMPLAINT FOR SEXUAL HARASSMENT IN
VIOLATION OF RCW 49.60 et seq. AND
DAMAGES- 5

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

508085.1/022504.00003

1   6.8   Awarding plaintiff such other and further relief as the court deems just and
2   equitable.
3
4   DATED this 29th day of June, 2004.

SHORT CRESSMAN & BURGESS PLLC

By _____
Claudia Kilbreath, WSBA No. 23144
Alex J. Rose, WSBA No. 29474
Attorneys for Plaintiff

COMPLAINT FOR SEXUAL HARASSMENT IN
VIOLATION OF RCW 49.60 et seq. AND
DAMAGES- 6

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

508085.1/022504.00003