**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

HUGH HARDAGE,

            Plaintiff,

    v.

KATHY SPARKS,

            Defendant.

**Case No.** C04-5378JKA

ORDER RE:

PLAINTIFF'S MOTION IN LIMINE

THIS MATTER comes before the court on Plaintiff's Motion in Limine. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

Plaintiff seeks an order from the court precluding evidence and/or comments at trial regarding the following:

1. Plaintiff's sexual history and conduct;

2. Plaintiff's personal relationships;

3. Plaintiff's social behavior;

4. Plaintiff's prior use of drugs.

Plaintiff relies on Federal Rules of Evidence 403, 404, and 412.

## DISCUSSION

Plaintiff seeks relief in this matter based on allegations of sexual harassment, retaliation, and constructive discharge resulting from alleged unwanted and inappropriate sexual advances, unwelcome sexual touching, and unwelcome comments and threats made by defendant. At the time of the alleged conduct plaintiff was an account executive for KSTW, an affiliate of CBS Broadcasting. Defendant was Vice President and General Manager of the station.

ORDER
Page - 1

1    In the course of discovery defendant has elicited information regarding the details of plaintiff's personal and sexual life outside the workplace, sexual innuendo and suggested activity in the workplace, marijuana use outside the workplace, and possible sexual relationships with witnesses who will testify at trial. Plaintiff seeks to preclude this information at trial as violative of (a) FRE 403 on the basis that even if relevant it probative value is far outweighed by the potential for prejudice; (b) FRE 404 as inadmissible character evidence; and (c) FRE 412 as evidence of sexual predisposition of the alleged victim which does not substantially outweigh the danger of harm or unfair prejudice.

With regard to plaintiff's personal and sexual relationships occurring outside the workplace with person who are not co-workers, this court notes the obvious distinction between welcome and unwelcome sexual advances. There is no evidence in the record that plaintiff's personal and sexual activity outside the workplace was not welcomed by him. It cannot be said to substantially outweigh the potential prejudice, and is not relevant with regard to his claims of unwelcome advances within the workplace, and should be precluded. A *possible* exception which the court reserves for determination at trial is with regard to the credibility issue of persons who may testify for the defendant with whom he has had an intimate relationship. **Plaintiff's motion is granted insofar as it relates to non workplace activity, subject to the court's above stated reservation on the credibility issue as it relates to certain testifying witnesses.**

With regard to plaintiff's personal and sexual banter, emails, conversation, and relationships within the workplace this evidence is clearly relevant to the claims of harassment and constructive discharge. Contrary to their personal lives, employees are not free to select the people with whom they associate in the workplace. Voluntarily engaging in sexual banter, innuendo, and other related activity in the workplace is clearly relevant to the issue of a claimants receptivity to that kind of activity in that environment and is not barred by any of the rules of evidence or case law cited. **Plaintiff's motion is denied insofar as it relates to his personal relationships and sexual activity within the workplace.**

Absent a showing that the drug use was severe enough to affect the ability of a witness to perceive, recall, or relate that about which he or she testified, **the motion with regard to drug use should be granted**.

April 6, 2005

   /s/ J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER
Page - 3